1  WESTON & McELVAIN LLP
   Richard C. Weston (State Bar No. 126491)
2  Wynn C. Kaneshiro (State Bar No. 166683)
   1960 East Grand Avenue, Suite 400
3  El Segundo, California 90245
   Telephone: (213) 596-8000
4  Facsimile: (213) 596-8039
   E-mail:    rweston@wmattorneys.com
5             wckaneshiro@wmattorneys.com

6  Attorneys for Defendant **NORTHLAND
   INSURANCE COMPANY erroneously**
7  **sued as NORTHLAND INSURANCE
   COMPANY, INC.**
8

9             **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

11 ALFREDO SAVIN, an individual;     )  Case No.  **5:17-cv-1817**
   GUILLERMO PERALTA, an            )
12 individual,                       )
                                     )
13                                   )
                  Plaintiffs,        )  **DEFENDANT NORTHLAND
14                                   )  INSURANCE COMPANY'S
         vs.                         )  NOTICE OF REMOVAL UNDER
15                                   )  28 U.S.C. § 1441(b) (DIVERSITY)
                                     )
16 NORTHLAND INSURANCE             )
   COMPANY, INC., a Connecticut     )
17 Corporation: and DOES 1 through 20, )
   inclusive,                        )  Action Filed:   June 6, 2017
18                                   )
                  Defendants.        )
19 _____   )

20

21 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

22      PLEASE TAKE NOTICE that Defendant Northland Insurance Company,

23 erroneously sued and served as Northland Insurance Company, Inc. ("Northland")

24 hereby removes to this Court the state court action described below.

25      1.    On June 6, 2017, Alfredo Savin and Guillermo Peralta ("Plaintiffs")

26 commenced an action in the San Bernardino County Superior Court entitled

27 Alfredo Savin and Guillermo Peralta v. Northland Insurance Company, Inc., Case

28

                                1

No. CIVDS1710774 (hereinafter "State Action").  A true and correct copy of the State Action complaint ("Complaint") is attached as Exhibit "1."

2.    On August 11, 2017, Plaintiffs served a copy of the summons ("Summons") and Complaint on Northland' agent for service of process, Corporation Service Company, via personal service.  A true and correct copy of the Summons and Notice of Service of Process indicating service by personal service on Northland's agent for service of process, Corporation Service Company, on August 11, 2017 are attached as Exhibit "2."

3.    The State Action is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Northland pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.

4.    Northland removes this action to the Central District of California because the State Action was pending in the San Bernardino County Superior Court, located in the Central District.  Removal is within 30 days of service of the Summons and Complaint on Northland.

5.    As alleged in the Complaint, Plaintiffs are, and at all relevant times were, residents of Riverside County, California.  (See, Complaint attached as Exhibit "1," ¶¶1-2).

6.    Defendant Northland is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of Connecticut, and maintains its principal place of business in Hartford, Connecticut.  (See, Decl. of Wynn Kaneshiro, ¶ 2 and Exhibit "5").

7.    Plaintiffs seek judgment in an amount in excess of $75,000 from Northland.  In the State Court Action, Plaintiffs brought the following causes of action against Northland: 1) breach of contract; and 2) breach of the implied covenant of good faith and fair dealing.  Plaintiffs allege that on or around May 19,

2011, a fire occurred in Plaintiffs' place of business, a restaurant, which was insured under a property policy issued by Northland. (<u>See</u>, Complaint attached as Exhibit "1", ¶¶ 7-8). Plaintiffs allege that subsequent to the fire, at least two burglaries occurred at their restaurant, wherein restaurant fixtures and recyclables were stripped. (<u>See</u>, Complaint attached as Exhibit "1", ¶ 9).

8.      Plaintiffs contend that Northland breached the terms of the policy by failing to timely tender the total fire claim and to pay policy benefits owed for the loss of fixtures, restaurant equipment, piping and metals, and in doing so, acted in bad faith. (<u>See</u>, Complaint attached as Exhibit "1", ¶¶ 13-17). Plaintiffs contend that they have incurred actual losses in excess of the policy limit of $245,000. They seek compensatory damages in excess of $109,773.35. Plaintiffs also seek attorneys' fees, punitive damages, and costs of suit. (<u>See</u>, Complaint attached as Exhibit "1", ¶¶ 14 and 17 and Prayer for Relief).

9.      Given the nature of the claims asserted by Plaintiffs, and the variety of damages sought in connection with this action, the amount in controversy in this action exceeds $75,000, the minimum amount for jurisdiction in this Court.

10.      Attached hereto as Exhibit "3" is a true and correct copy of Northland's Answer to the Complaint.

11.      Attached hereto as Exhibit "4" are true and correct copies of all other notice, process and proceedings served on Northland in the State Action, including: 1) Civil Case Cover Sheet; 2) ADR Information Package; 3) Notice of Trial Setting

\ \ \

\ \ \

\ \ \

NOTICE OF REMOVAL

1    Conference; and 4) Certificate of Assignment.  To the knowledge of Northland, no

2    hearings or proceedings have taken place in the State Action.

3

4    Dated:  September 7, 2017

                                        Respectfully submitted,
                                        WESTON & McELVAIN LLP

5

6                                   By:  **/s/ Wynn C. Kaneshiro**

7                                        Richard C. Weston
                                        Wynn C. Kaneshiro

8                                        Attorneys for Defendant
                                        **NORTHLAND INSURANCE**

9                                        **COMPANY erroneously sued as**
                                        **NORTHLAND INSURANCE**

10                                       **COMPANY, INC.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

EXHIBIT "1"

1  Jonathan Preston (CBN 195197)
   Law Office of Jonathan Preston
2  24885 Whitewood Road, Suite 104
   Murrieta, CA 92563
3  (951) 461-2500

                                                F I L E D
                                        SUPERIOR COURT OF CALIFORNIA
                                          COUNTY OF SAN BERNARDINO
                                           SAN BERNARDINO DISTRICT

4
                                              JUN 03 2017

5  Attorney for Plaintiffs, Alfredo Savin; Guillermo Peralta    BY: _Victoria Sanchez_
                                                                    VICTORIA SANCHEZ, DEPUTY
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN BERNARDINO

10
   ALFREDO SAVIN, an individual;          )   CASE NO.:   CIVDS1710774
11 GUILLERMO PERALTA, an individual,      )
                       Plaintiffs         )   COMPLAINT FOR:
12                                        )
   V.                                     )   1. BREACH OF CONTRACT
13                                        )   2. BREACH OF THE COVENANT OF GOOD
   NORTHLAND INSURANCE COMPANY, )             FAITH AND FAIR DEAL
14 INC., a Connecticut Corporation; and DOES)
   1 through 20, inclusive,               )   (AMOUNT DEMANDED EXCEEDS
15                     Defendants         )   JURISDICTIONAL MINIMUM OF THIS
                                          )   COURT)
16 _____)

17      Plaintiff alleges:

18      1.  Plaintiff, ALFREDO SAVIN, is now and at all times mentioned in this complaint, is an

19 individual, and currently resides in Riverside County, California.

20      2.  Plaintiff, GUILLERMO PERALTA, is now and at all times mentioned in this complaint,

21 is an individual, and currently resides in Riverside County, California.

22      3.  Defendant,  NORTHLAND INSURANCE COMPANY, INC., (hereinafter referred to as

23 "NORTHLAND"), is  and at all times mentioned in this complaint, a corporation organized and

24 existing under the laws of the State of Connecticut,    and maintains a principal place of business in

25 Hartford Connecticut.

26      4.  Plaintiff does not know the true names of Defendants DOES 1 through 20, inclusive, and

27 therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on that basis

28

                                              1

                        COMPLAINT FOR BREACH OF CONTRACT

1    alleges, that each of those Defendants was in some manner proximately responsible for the events

2    and happenings alleged in this complaint and for Plaintiff's damages.

3         5.  At all relevant times, Defendant DOES 1 through 20, were the agents and employees of

4    Defendant, NORTHLAND, and were at all times acting within the purpose and scope of their

5    agency and employment.

6         6.  The Defendant's conduct, as described in this complaint was undertaken by Defendant

7    NORTHLANDS' officers and managing agents, identified as DOES 1 through 20, who were

8    responsible for claims, operations, underwriting, communications and decisions. The conduct of the

9    managing agents and individuals was therefore undertaken on behalf of Defendant, NORTHLAND.

10   Further, Defendant, NORTHLAND had advance knowledge of the actions and conduct of those

11   individuals, whose actions and conduct were ratified, authorized, and approved by managing agents

12   and by other corporate officers, directors or managing agents whose precise identities are unknown

13   to Plaintiff at this time. Plaintiff thus identifies and designates those individuals as DOES 1 through

14   20.

15                              **FIRST CAUSE OF ACTION**
                                **BREACH OF CONTRACT**
16                              **(AGAINST ALL DEFENDANTS)**

17        7.  On or about January 21, 2011, Defendant, NORTHLAND, by and through its agents and

18   employees, DOES 1 through 20, issued to Plaintiff a Property Policy, with policy number CP 582614

19   including fire protection, and loss of personal property, (the "policy"), insuring the Plaintiffs' place

20   of business, a restaurant known as El Rancho Night Club, located at 3786 Cajon Blvd., San

21   Bernardino, CA 92407 including all possessions included therein. The policy provided up to

22   $245,000 in existing building coverage. A copy of the policy declaration page is attached hereto as

23   Exhibit A and incorporated by reference.

24        8.  On or about May 19, 2011, a fire occurred at the Plaintiffs' place of business, which was

25   insured by Defendant, NORTHLAND causing a fire loss of approximately $156,548.64 in damage to

26   the property.

27        9.  The loss was immediately reported to NORTHLAND, which then proceeded to adjust the

28   initial claim. The defendant insurance company assigned an initial claim number of CP58261402

                                        2

1   for the fire loss. Before a determined amount of fire damage, a burglary occurred at the property in

2   June 2011, by criminals who were stripping the property of restaurant fixtures and recyclables.

3   The initial burglary caused a second property loss claim, with assigned claim no: CP58261403. In

4   August 2011, a second burglary occurred, which resulted in a subsequent claim # as CP 58261404.

5   Although two other claims were reported, plaintiff is ignorant of the total number of burglaries on

6   the property. Each burglary resulted in criminals breaking through fencing, tearing down boarded up

7   windows, and stripping the property of any further value, to such an extent that the property must

8   now be demolished.

9       10.   Together all three claim numbers shall be referred to as "claims".   The three

10   respective claims were adjusted from the initial reporting period of May 11, 2011 until June 8, 2015,

11   when all three claims were denied for further insurance benefits.   Under the policy, any litigation

12   must be commenced within two (2) years of the date of loss.   Any statute of limitations was tolled

13   until the claim denial of June 08, 2015.

14       11.   The fire caused a negotiated restoration cost of $156,548.64 in damages.   However,

15   five months after the insurance company accepted a sworn proof of loss identifying the whole loss

16   and damage at $156,548.64, the insurance company paid a reduced amount on March 23, 2012 in the

17   amount of $135,226.65.   Plaintiffs objected to the amount of the reduced check, but formally

18   expected the carrier to issue additional insurance funds, due to the difference between the fire loss

19   and paid amount, plus the losses associated from the burglaries.

20       12.   The insurance check in the amount of $135,226.65, was made payable to the Plaintiffs

21   and the seller carry back lender, Gilberto Cepeda.   In order to receive an endorsement on the

22   insurance check of $135,226.65, the Plaintiff and carry back lender, Gilberto Cepeda agreed to use

23   an existing escrow account for the transfer of a liquor license, which resulted in a payoff of Gilbert

24   Cepeda in the amount of $38,695.26.   From the escrow, Plaintiffs received a net proceeds check in

25   the amount of $94,693.65, which was not nearly enough to complete restoration work on the

26   property.   Plaintiffs needed the balance of the claims resolved, in order to complete restoration work

27   on the property and open the restaurant.

28       13.   NORTHLAND breached the insurance contract by failing to timely tender the total fire

3

1   loss claim of $156,548.64, plus denying all further benefits for loss of fixtures, restaurant equipment,

2   piping, and metals in the property, to such an extant that the property must be demolished.    As a

3   result of not timely tendering the sworn proof of loss proceeds, the Plaintiff did not have any funds

4   available to resume restoration construction on the property, which would have prevented the

5   property from being looted by burglars.   The lack of insurance funds directly resulted in the

6   property being subject to repeated break ins, which further destroyed the property.

7        14.    As a result of Defendant, NORTHLANDS's , breach of contract, Plaintiff has been

8   denied benefits under the policy including the proper amount paid under the sworn proof of loss and

9   for the amounts necessary to properly restore the property to its pre-fire condition.    Defendant's

10  conduct was done with malice, fraud, and oppression, as defined by Civil Code section 3294.

11

12

13                          **SECOND CAUSE OF ACTION**
     **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
                        **(AGAINST ALL DEFENDANTS)**

14

15        15.  Plaintiff realleges each and every paragraph as aforementioned.

16        16.   Such actions by Defendant, NORTHLAND constituted egregious acts beyond a mere

17  breach of the consensual terms of the written policy agreement between the parties sufficient to

18  constitute a breach of the covenant of good faith and fair dealing, implied in every insurance policy

19  contract under the laws of the State of California.

20        17.  As a result of Defendant, NORTHLAND's Breach of the Covenant of Good Faith and

21  Fair Dealing,  Plaintiff has been denied further benefits under the policy and has actual losses in

22  excess of the policy limit of $245,000, and in an amount provable at time of trial.

23

24        WHEREFORE, plaintiff demands judgment against defendant for the following:

25        1.  Compensatory damages in excess of $109,773.35 (balance of policy)  and in an amount

26  provable at time of trial.

27        2.  Punitive damages in an amount sufficient to punish Defendant, NORTHLAND

28        3.  Reasonable attorneys fees and costs of suit; and

                                        4

                    COMPLAINT FOR BREACH OF CONTRACT

1        4. Any other and further relief that the court deems proper.

2    Dated 6/6/17                Law Office of Jonathan Preston

3

4

5                              By:

6                            Jonathan Preston, Attorney for Plaintiffs

5

COMPLAINT FOR BREACH OF CONTRACT

# EXHIBIT A



## Salmen Insurance Services

6170 Innovation Way Carlsbad, CA 92009
Phone: 866-872-5636  Fax:866-472-5636
License # 0D60860



---

"It's Service After the Sale That Counts"

March 5, 2012

# Insurance Quotation (Quote Expires In 30 Days)

Prepared by: Stephanie Moore, Ext.211  lic.# 0F61689  stephanie@salmeninsurance.com

ALL COVERAGES AND PREMIUM COSTS ARE SUBJECT TO UNDERWRITERS APPROVAL. THIS IS A QUOTATION ONLY. NO COVERAGE IS IN EFFECT UNTIL APPLICATION IS APPROVED AND POLICY BINDER IS RECEIVED.

## Savin Enterprises

Al
3931 Brenna Avenue
Perris, CA  92571
PH: (909) 483-1000  FAX (951) 530-8028

| | |
|---|---|
| LIMITS: | $420,000.00  Total with renovations and existing structure |
| | BUILDING (ACV) |
| | $245,000.00 existing building |
| | $175,000.00  Renovations |
| DEDUCTABLE: | $1,000.00          WIND & HAIL/ALL OTHER PERILS |
| | $1,000.00          Per Occurrence |
| COVERAGE FORM: | SPECIAL EXCLUDING THEFT, 80% CO-INSURANCE |
| POLICY TYPE: | PROPERTY |
| CARRIER: | A-XV RATED, CALIFORNIA NON-ADMITTED COMPANY |
| LOCATION: | 3786 CAJON BLVD., SAN BERNARDINO, CA 92407 |
| RATING BASIS: | BLDG. VALUE- $245,000 |
| | TOTAL VALUE with renovation completed is $420,000.00 |
| | SQ. FT.- 2,448 |

| | |
|---|---|
| TOTAL COST: | $3,704.34 |
| DEPOSIT: | $1,758.09 |

TOTAL COST INCLUDES ALL POLICY FEES, UNDERWRITING FEES, BROKER FEES, AND TAXES. FINANCE CHARGES NOT INCLUDED. IF PAYING ONLY THE DEPOSIT AMOUNT, THE ACCOUNT WILL BE SUBMITTED TO A LICENSED PREMIUM FINANCE COMPANY.  FUTURE MONTHLY PAYMENTS WILL BE PAID DIRECTLY TO PREMIUM FINANCE CO. THE DEPOSIT IS NON REFUNDABLE UPON INCEPTION OF POLICY.

## IMPORTANT COVERAGE CONDITIONS ON PAGE 2

Applicant initial_____

1

EXHIBIT "2"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NORTHLAND INSURANCE COMPANY, INC., a Connecticut
Corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALFREDO SAVIN, an individual; GUILLERMO PERALTA, an
individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 06 2017

BY __Victoria Sanchez__
VICTORIA SANCHEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Bernardino Superior Court
247 West 3rd Street, San Bernardino, CA  92415

CASE NUMBER:
*(Número del Caso):* CIVDS1710774

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan Preston (CBN 195197), 24885 Whitewood Road, Suite 104, Murrieta, CA  92563 (951) 461-2500

DATE: JUN 06 2017
*(Fecha)*

Clerk, by __Victoria Sanchez__, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): NORTHLAND Insurance Company, Inc, a Connecticut CORPORATION

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[SEAL] COPY



SOP / ALL
**Transmittal Number: 17008104**
**Date Processed: 08/14/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  9275-LC12L<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Northland Insurance Company<br>Entity ID Number  2317335 |
| **Entity Served:** | Northland Insurance Company, Inc |
| **Title of Action:** | Alfredo Savin vs. Northland Insurance Company, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | San Bernardino County Superior Court, California |
| **Case/Reference No:** | CIVDS1710774 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/11/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jonathan Preston<br>951-461-2500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "3"

COPY

WESTON & McELVAIN LLP
Richard C. Weston (State Bar No. 126491)
Wynn C. Kaneshiro (State Bar No. 166683)
1960 East Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:    (213) 596-8000
Facsimile:    (213) 596-8039
E-mail:    rweston@wmattorneys.com
            wckaneshiro@wmattorneys.com

Attorneys for Defendant **NORTHLAND
INSURANCE COMPANY erroneously sued as**
**NORTHLAND INSURANCE COMPANY, INC.**

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 0 5 2017

BY _____
SANDRA ORTEGA, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

ALFREDO SAVIN, an individual;
GUILLERMO PERALTA, an individual,

                    Plaintiffs,

            vs.

NORTHLAND INSURANCE COMPANY,
INC., a Connecticut Corporation: and DOES
1 through 20, inclusive,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CIVDS1710774
Assigned to the Hon. Wilfred J. Schneider, Jr.
Dept. S32

**ANSWER OF DEFENDANT
NORTHLAND INSURANCE COMPANY
TO PLAINTIFFS' UNVERIFIED ~~FIRST
AMENDED~~ COMPLAINT**

Action Filed:  June 6, 2017

BY FAX

        Defendant NORTHLAND INSURANCE COMPANY, erroneously sued and served as

Northland Insurance Company, Inc. ("Defendant"), on behalf of itself and no other person or

entity, hereby answers the allegations contained in the unverified Complaint (the "Complaint")

of plaintiffs Alfredo Savin and Guillermo Peralta as follows:

        1.        Pursuant to the provisions of Section 431.30 of the California Code of Civil

Procedure, Defendant denies generally and specifically each, every and all of the allegations of

said Complaint, and further denies Plaintiffs have been damaged in the amount claimed or in any

sum whatsoever or at all by reason of any actionable wrongful conduct by or attributable to

Defendant.

1

As defenses to the Complaint, Defendant further affirmatively alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Offset)**

2.    The claims for relief alleged in the Complaint are barred or must be reduced by any payment made to Plaintiffs by any third parties in connection with injuries alleged in the Complaint including the alleged damage to and theft of Plaintiffs' property.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.    Plaintiffs' Complaint and each cause of action included therein are barred by the applicable statutes of limitation, including without limitation, sections 337, 338, and 339 of the California Code of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

4.    Plaintiffs, by virtue of their acts and conduct, including acquiescence, approval and ratification of the acts as alleged against this answering Defendant, are estopped from suing upon the acts alleged against Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5.    Plaintiffs have failed to mitigate their damages, if any, and such conduct bars or reduces any recovery sought by Plaintiffs herein.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6.    The Complaint and each cause of action therein are barred by Plaintiffs' waiver of any claim related to the subject matter of the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

7.    Defendant's obligation in connection with the Complaint, if any, must be apportioned among all of the responsible persons, including any party to this litigation.

2

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3       8.      The Complaint, and each cause of action alleged therein, are barred to the extent

4   Plaintiffs have unclean hands in the matters set forth in the Complaint and such conduct

5   extinguishes any right to equitable relief in this action.

6

## EIGHTH AFFIRMATIVE DEFENSE

7

### (Laches)

8       9.      The Complaint, and each cause of action therein, are barred by the equitable

9   doctrine of laches.

10

## NINTH AFFIRMATIVE DEFENSE

11

### (Conditions Precedent)

12       10.      The Complaint, and each cause of action alleged therein, are barred to the extent

13   Plaintiffs failed to satisfy conditions precedent related to the claims set forth in the Complaint

14   including, but not limited to, Plaintiffs' failure to provide documents or other information raising

15   a dispute about the value of Plaintiffs' subject insurance claim(s).

16

## TENTH AFFIRMATIVE DEFENSE

17

### (Genuine Dispute)

18       11.      Plaintiffs' cause of action for breach of the implied covenant of good faith and fair

19   dealing is barred to the extent any withholding of policy benefits by Defendant was reasonable

20   and/or based on a genuine dispute as to Defendant's liability under an insurance policy, if any.

21

## ELEVENTH AFFIRMATIVE DEFENSE

22

### (Policy Terms, Conditions, and Exclusions)

23       12.      Without admitting this answering Defendant issued any policy of insurance that

24   created any duty or obligation owed by this answering Defendant to Plaintiffs, or that the terms,

25   conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses,

26   this answering Defendant alleges the terms, conditions, exclusions, restrictions and endorsements

27   within the policy sued upon limit or preclude coverage for Plaintiffs' claims.

28

3

## TWELFTH AFFIRMATIVE DEFENSE

### (Discharge of Duties or Obligations)

13.     Without admitting the existence of any contractual rights, duties, or obligations between Plaintiffs and Defendant, Defendant alleges that it has discharged, by performance or tender of performance, all contractual duties or obligations on its part to be performed.

WHEREFORE, Defendant NORTHLAND INSURANCE COMPANY prays for judgment as follows:

1.     That Plaintiffs takes nothing by reason of their Complaint on file herein;

2.     That the Court enters judgment in favor of Defendant;

3.     That Defendant recovers its cost of suit in connection herewith; and

4.     That this Court grants Defendant such other and further relief as may be deemed just and proper.

Dated:  September 5, 2017

Respectfully submitted,
WESTON & McELVAIN LLP

By: _____

Richard C. Weston
Wynn C. Kaneshiro
Attorneys for Defendant
**NORTHLAND INSURANCE
COMPANY erroneously sued as
NORTHLAND INSURANCE
COMPANY, INC.**

4

NORTHLAND'S ANSWER TO COMPLAINT

*Alfredo Savin, et al. v. Northland Insurance Company, Inc.*
San Bernardino County Superior Court, Case No. CIVDS1710774

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18

4

and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

5

      On September 5, 2017, I served the foregoing document **ANSWER OF DEFENDANT NORTHLAND INSURANCE COMPANY TO PLAINTIFFS' UNVERIFIED FIRST**

6

**AMENDED COMPLAINT** by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

7

8

Jonathan Preston, Esq.                                       *Attorneys for Plaintiffs,*
**LAW OFFICE OF JONATHAN PRESTON**            Alfredo Savin; and, Guillermo Peralta
24885 Whitewood Road, Suite 104

9

Murrieta, California 92563
Telephone:    (951) 461-2500

10

Facsimile:    (951) 461-6884
E-mail:       jonathanpreston@plclaw.org

11

12

**[X]**    **BY MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

13

Postal Service on that same day with postage thereon fully prepaid at El Segundo, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date

14

of deposit for mailing in affidavit.

15

**[ ]**    **BY FEDERAL EXPRESS:**  I caused said envelope to be delivered to a courier authorized by the express service carrier to receive documents, in an envelope or package

16

designated by the express service carrier with delivery fees paid or provided for, addressed to the person to whom it is to be served, at the office address as last given by that person on any

17

document filed in the cause and served on the party making service.

18

**[ ]**    **BY PERSONAL SERVICE:**  I caused said documents to be delivered by hand to the addressee listed above.

19

20

**[ ]**    **BY FACSIMILE:**  I sent such document from facsimile machine (213) 596-8039 on September 5, 2017.  I certify that said transmission was completed and that all pages were

21

received and that a report was generated by facsimile machine (213) 596-8039 which confirms said transmission and receipt.

22

      Executed on September 5, 2017 at El Segundo, California.

23

[X]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27

Regina Macleod

28

1

PROOF OF SERVICE

EXHIBIT "4"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan Preston (CBN 193197)<br>Law Office of Jonathan Preston<br>24885 Whitewood Road, Suite 104<br>Murrieta, CA 92563<br>TELEPHONE NO.: (951) 461-2500    FAX NO.: (951) 461-6884<br>ATTORNEY FOR *(Name):* Plaintiff, ALFREDO SAVIN, ET.AL. | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 03 2017<br><br>BY *Victoria Sanchez*<br>VICTORIA SANCHEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West 3rd Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, 92415
BRANCH NAME: San Bernardino

CASE NAME:
ALFREDO SAVIN, et.al. v. NORTHLAND INSURANCE COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIVDS1710774 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* two (2)
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/1/17

JONATHAN R. PRESTON
(TYPE OR PRINT NAME)                                   ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

## Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement c onferences are similar to me diation, but th e settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Se ttlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties m ay schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
    - Your preferences for mediation or arbitration.
    - Your sc hedule for d iscovery (g etting th e informat ion you n eed) to make good decisions a bout settlin g the case at mediat ion or pr esenting you r case at a n arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

**Page 2 of 3**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **Banning -** 311 E. Ramsey Street, Banning, CA 92220
☐ **Hemet -** 880 N. State Street, Hemet, CA 92543
☐ **Indio -** 46-200 Oasis Street, Indio, CA 92201
☐ **Riverside -** 4050 Main Street, Riverside, CA 92501
☐ **Temecula -** 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S):<br><br>DEFENDANT(S): | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>(CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐  Mediation                    ☐  Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐  Mediation                    ☐  Judicial Arbitration (non-binding)
☐  Binding Arbitration          ☐  Other (describe): _____

Proposed date to complete ADR: _____.

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff ☐ Defendant

_____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff ☐ Defendant

_____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff ☐ Defendant

_____
PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff ☐ Defendant

☐  Additional signature(s) attached

**Page 3 of 3**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                  CASE NO: CIVDS1710774

  LAW OFFICE OF JONATHAN PRESTON
  24885 WHITEWOOD ROAD
  SUITE 104
  MURRIETA CA 92563
                         NOTICE OF TRIAL SETTING CONFERENCE


IN RE: SAVIN-V-NORTHLAND INSURANCE

THIS CASE HAS BEEN ASSIGNED TO: WILFRED J SCHNEIDER JR. IN DEPARTMENT S32
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 12/05/17 at  8:30 in Dept. S32


DATE: 06/06/17  Nancy Eberhardt, Court Executive Officer
                                   By: VICTORIA SANCHEZ
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 06/06/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 06/06/17 at San Bernardino, CA

                         BY: VICTORIA SANCHEZ

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ALFREDO SAVIN, et.al.

CASE NO.:  CIVDS1710774

vs.

### CERTIFICATE OF ASSIGNMENT

NORTHLAND INSURANCE COMPANY, ET.AL.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

■ General               ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☒ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| El Rancho Night Club | 3786 Cajon Blvd. | |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS | |
| San Bernardino | CA | 92407 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 06, 2017 at Murrieta , California


Signature of Attorney/Party

### CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014